UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

TERRY R. MARTIN,

        Plaintiff,                              Case No. 2:05-CV-222

v.                                                  HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

        The Court has before it Defendant's Objections to the Magistrate Judge's Report and Recommendation issued on April 13, 2006. Prior to a decision by the magistrate judge, the Defendant sought a remand for *de novo* review of the Plaintiff's claim.[1] In his report and recommendation, the magistrate judge concluded that there was not substantial evidence to support the Administrative Law Judge's (ALJ) denial of the Plaintiff's claim for benefits. The magistrate judge recommended that the matter be remanded for an award of benefits and denied the Defendant's request to remand for *de novo* review. The magistrate judge based this decision on his finding that there was "overwhelming proof of disability and no evidence to support a contrary decision."

        After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

        The Defendant's objections are the same arguments that the Defendant made to the magistrate judge in the Defendant's response to Plaintiff's motion for reconsideration. The

---

[1] The magistrate judge notes that implicit in the Defendant's request for remand for *de novo* review is the Defendant's recognition that the ALJ's decision was "significantly flawed."

Defendant first contends that the factual disputes have not been adequately resolved to support a finding in this case. Specifically, the Defendant asked for a *de novo* review so that the ALJ could make specific findings regarding the Plaintiff's credibility. The Defendant now contends that the magistrate judge's determination that there was nothing in the record casting doubt on the credibility of the Plaintiff "amounts to a credibility finding by the Magistrate Judge." The Defendant argues that credibility findings are for the ALJ to make, not the magistrate judge, and requested that the case be remanded to an ALJ for further proceedings to determine the credibility of the Plaintiff.

The magistrate judge did not make a finding regarding the Plaintiff's credibility, but noted that there was no evidence in the record questioning the Plaintiff's credibility and that there was objective medical evidence supporting his claims. The magistrate judge, therefore, considered the Defendant's request for remand and determined that the record did not support further proceedings on the issue of the Plaintiff's credibility.

The Defendant next argues that a medical evaluation of the Plaintiff, which found only minimal diminution of his physical capacities, combined with the Plaintiff's contemporaneous account of his ability to perform certain household chores, could support a finding that the Plaintiff could perform a range of sedentary work.[2] As noted by the magistrate judge, however, the record lacks any evidence to support a finding that the Plaintiff is not disabled. The record reveals that the Plaintiff has not been able to perform any substantial gainful employment due to his back condition since 1999. While the medical reports do not agree on a precise maximum weight that the Plaintiff

---

[2] The Defendant cites the Plaintiff's testimony regarding his occasional performance of activities such as vacuuming, washing dishes, taking his children to the lake, and doing some yard work as evidence of his ability to perform some sedentary work . However, the Plaintiff also stated that these activities caused him pain and that he could only perform them for short periods of time (10-40 minutes) before he would need to sit or lie down to rest his back.

can lift, they all concur that the Plaintiff's condition caused him severe pain and limited his strength and range of motion.[3] The record shows that the Plaintiff suffers from a back injury which required surgery, steroid injections, and prescription medication, none of which completely alleviated the Plaintiff's condition. Although the Plaintiff discontinued treatment when his workers compensation benefits terminated, the most recent medical evaluations describe a degenerative back condition and indicate that the Plaintiff's condition was worsening and his strength and range of motion was becoming increasingly limited.

The Defendant also argues that remand for *de novo* review is appropriate to allow a vocational therapist to determine whether there are jobs available that would accommodate the Plaintiff's disability. However, the findings of a vocational therapist are already present in the record and were relied upon by the ALJ and the magistrate judge. The vocational therapist stated that a limited number of sedentary jobs are available for an individual with the Plaintiff's condition and weight lifting restrictions. However, when combined with the Plaintiff's testimony regarding his frequent need to lay down to rest his back, the therapist stated that there are no jobs accommodating the Plaintiff.

For these reasons, the Court agrees with the magistrate judge's finding that the record contains overwhelming proof that the Plaintiff was not capable of performing any substantial gainful employment and that remanding for the award of benefits is appropriate.

Therefore,

---

[3] The Defendant cites a 2000 report stating that the Plaintiff's strength in all muscle groups and reflexes were only slightly diminished. That same report, however, also stated that the Plaintiff had disc protrusion and degenerative disc disease and that his back pain had not subsided despite surgery and medication.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 13, 2006 (docket no. 21), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to the Plaintiff is **REVERSED**.

**IT IS FURTHER ORDERED** that this matter be remanded for an award of benefits to the Plaintiff.


Dated:  November 29, 2006                               /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                                UNITED STATES DISTRICT JUDGE